UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DAVID CRUZ, | ) |
| Plaintiff, | ) |
| v. | ) Case No. |
| GC SERVICES, LP, | ) |
| Defendant. | ) |

### PLAINTIFF'S COMPLAINT

Plaintiff, DAVID CRUZ ("Plaintiff"), through Agruss Law Firm, LLC, alleges the following against Defendant, GC SERVICES, LP ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Michigan Collection Practices Act, Mich. Comp. Law § 445.251, *et seq.* ("MCPA").

3. Count III of Plaintiff's Complaint is based on the Michigan Occupational Code, *Mich. Comp. Law 339.901 et seq.* ("MOC").

### JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §§1331, 1367, and 15 U.S.C. §1692k (FDCPA).

5. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court

1

without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained within.

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in Greenville, Montcalm County, Michigan.

8. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, Mich. Comp. Law § 445.251(d), and *Mich. Comp. Law § 339.901(f)*.

9. Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*, Mich. Comp. Law § 445.251(a), and *Mich. Comp. Law § 339.901(a)*.

10. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, Mich. Comp. Law § 445.251(b), and *Mich. Comp. Law § 339.901(b)*.

11. Within one (1) year of Plaintiff filing this Complaint, Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a Delaware Limited Partnership with its headquarters in Houston, Harris County, Texas.  *See* Defendant's Answer, Document No. 8, ¶12, 2:13-cv-11710-MOB-RSW.

13. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

15. The principal purpose of Defendant's business is the collection of debts allegedly owed

to third parties.

16. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties. *See* Defendant's Answer, Document No. 8, ¶16, 2:13-cv-11710-MOB-RSW.

17. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

19. Defendant is attempting to collect a consumer debt from Plaintiff.

20. The alleged debt owed arises from transactions for personal, family, and household purposes.

21. Within one (1) year of Plaintiff filing this Complaint, Defendant called Plaintiff at 616-915-42xx in an attempt to collect a debt.

22. Within one (1) year of Plaintiff filing this Complaint, Defendant communicated with Plaintiff in an attempt to collect a debt.

23. Within one (1) year of Plaintiff filing this Complaint, Defendant left Plaintiff at least one voicemail message in an attempt to collect a debt.

24. Within one (1) year of Plaintiff filing this Complaint, Defendant left the following voicemail message for Plaintiff, "This message is for David Cruz. My name is Doug [inaudible]. I would appreciate you calling me back. You can reach me at 866-862-

2793.  Thank you."

25. Defendant's collector, Doug, that left the message transcribed in paragraph 24 was working within the scope of his employment when he communicated with Plaintiff in an attempt to collect a debt.

26. Defendant's message for Plaintiff in paragraph 24 does not state that the call is from GC Services, LP.

27. Defendant's message for Plaintiff in paragraph 24 does not state that the collector is attempting to collect a debt.

28. Defendant's collector, Doug, that left the message transcribed in paragraph 24 is familiar with the FDCPA.

29. Defendant's collector, Doug, that left the message transcribed in paragraph 24 knows the FDCPA requires debt collectors to identify the company's name when placing a telephone call.

30. Defendant's collector, Doug, that left the message transcribed in paragraph 24 knows the FDCPA requires debt collectors to state that the communication is an attempt to collect a debt when leaving consumers a voicemail message.

31. The telephone number of 866-862-2793 is one of Defendant's telephone numbers.

32. Defendant maintained a Call Detail Search regarding Plaintiff's Account.

33. Defendant maintained an Account Detail Listing regarding Plaintiff's Account.

34. Defendant maintains an insurance policy with CNA under which CNA may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy the judgment.

35. Defendant recorded all of its telephone communications with Plaintiff regarding the

Account.

36. Defendant recorded all of its telephone communications with third parties regarding the Account.

37. Defendant has in its possession audio recordings made in connection with Defendant's efforts to collect the debt at issue in this matter.

38. In the normal course of business, Defendant does not retain copies of the actual letters it sends to various debtors.

39. Here, Defendant did not retain copies of the actual letters it sent to Plaintiff regarding the Account.

40. Paul Grover, Vice President of Client Management Group for Defendant, has discoverable information regarding the day-to-day business activities and functions of Defendant.

41. Specifically, Paul Grover has information regarding Defendant's policies and procedures regarding voicemail messages Defendant leaves for consumers and for third parties.

42. Additionally, Paul Grover has information regarding Defendant's anticipated affirmative defenses.

43. Specifically, Paul Grover has information regarding Defendant's anticipated bona fide error defense.

44. Per the nationwide PACER records, Defendant has defended approximately two-hundred (200) lawsuits throughout the nation in the last year prior to the date Plaintiff filed this Complaint.

45. Within one (1) year of Plaintiff filing this Complaint, Defendant has plead a Bona Fide Error Affirmative Defense in every Answer it filed in an FDCPA case.

46. In the last three (3) years, Defendant has had over 250 complaints filed against it with the Better Business Bureau.

47. Defendant has a pattern and practice of not complying with the FDCPA when it leaves voicemail messages for consumers.

48. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 2:13-cv-11710, *Darci Ravenscraft v. GC Services, LP*.

49. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 2:12-cv-02637, *Manrico Lollie v GC Services, LP*.

50. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 1:13-cv-00084, *Daniel Lambeth v. GC Services, LP*.

51. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 1:13-cv-03570, *Mordechai Pinson v. GC Services, LP*.

52. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 5:13-cv-06093, *Lana Babcock v. GC Services, LP*.

53. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 3:13-cv-00510, *Sheila Pratt v. GC Services, LP*.

54. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 4:13-cv-00199, *Thomas Laile v. GC Services, LP*.

55. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 4:13-cv-13744, *Tamara Travers v. GC Services, LP*.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

56. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692d* of the FDCPA by engaging in conduct that the

      natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt;

    b. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity when Defendant left Plaintiff a message that failed to state that call was from GC Services, LP.

    c. Defendant violated *§1692e* of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

    d. Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

    e. Defendant violated *§1692e(11)* of the FDCPA when Defendant left Plaintiff a voicemail message that did not state the communication was an attempt to collect a debt.

57. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

58. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, DAVID CRUZ, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

59. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

60. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

61. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE MICHIGAN COLLECTION PRACTICES ACT

62. Plaintiff repeats and re-alleges paragraphs 1-55 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

63. Defendant willfully violated the MCPA based on the following:

    a. Defendant violated §445.252(e) of the MCPA by leaving messages for Plaintiff without telling Plaintiff it was an attempt to collect a debt;

    b. Defendant violated §445.252(g) of the MCPA by communicating with Plaintiff without accurately disclosing the call was from GC Services, LP.

    c. Defendant violated §445.252(q) of the MCPA by failing to implement a procedure designed to prevent a violation by an employee.

64. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

65. As a result of the foregoing violations of the MCPA, Defendant is liable to Plaintiff for statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, DAVID CRUZ, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

66. Statutory damages of $150.00 pursuant to the Michigan Collection Practices Act, Mich. Comp. Law 445.257(2);

67. Costs and reasonable attorneys' fees pursuant to the Michigan Collection Practices Act, Mich. Comp. Law 445.257(2); and

68. Any other relief that this Honorable Court deems appropriate.

## COUNT III
## DEFENDANT VIOLATED THE MICHIGAN OCCUPATIONAL CODE

69. Plaintiff repeats and re-alleges paragraphs 1-55 of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

70. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the MOC including, but not limited to, the following:

    a. Defendant violated *§339.915*(a) of the MOS by communicating with Plaintiff in a misleading or deceptive manner when Defendant left a voicemail message for Plaintiff that did not state the communication was from GC Services, LP, and did not state that the communication was an attempt to collect a debt.

    b. Defendant violated *§339.915(e)* of the MOC by making an inaccurate, misleading, untrue, or deceptive statement or claim in communications with Plaintiff by failing to inform Plaintiff that the communication was an attempt to collect a debt.

    c. Defendant violated *§339.915*(g) of the MOC by communicating with Plaintiff without disclosing to Plaintiff that the call was from GC Services, LP.

71. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

72. As a result of the foregoing violations of the MOC, Defendant is liable to the Plaintiff for statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, DAVID CRUZ, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

73. Statutory damages of $150.00 pursuant to the Michigan Occupational Code, *Mich. Comp. Law § 339.916(2)*;

74. Costs and reasonable attorneys' fees pursuant to the Michigan Occupational Code, *Mich. Comp. Law § 339.916(2)*; and

75. Any other relief that this Honorable Court deems appropriate.

DATED:  September 6, 2013            RESPECTFULLY SUBMITTED,


By: /s/ Michael S. Agruss
    Michael S. Agruss
    Agruss Law Firm, LLC
    22 W. Washington St., Suite 1500
    Chicago, IL 60602
    Tel: 312-224-4695
    Fax: 312-253-4451
    michael@agrusslawfirm.com
    Attorney for Plaintiff